UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

THE GOLUB CORPORATION,

                Plaintiff,

   -against-                                    1:18-CV-1125 (LEK/ATB)

KLT INDUSTRIES, INC.,

                Defendant.

## **<u>DECISION AND ORDER</u>**

### I.   INTRODUCTION

Plaintiff The Golub Corporation filed this diversity action against Defendant KLT Industries, Inc. alleging that Defendant failed to make payments to Plaintiff after Plaintiff delivered goods to Defendant in accordance with their contract. Dkt. No. 1 ("Complaint"). Before the Court is Plaintiff's motion for default judgment. Dkt. Nos. 11 ("Default Motion"). For the reasons that follow, the motion is granted in part and denied in part.

### II.   BACKGROUND

Plaintiff, a Delaware Corporation with its principal place of business in New York, operates a grocery store chain under the name Price Chopper. Compl. ¶¶ 3, 5. Defendant, a Rhode Island Corporation with its principal place of business in Massachusetts, provides cardboard recycling services. <u>Id.</u> ¶¶ 4–5. In August 2013, Plaintiff entered into a contract with Defendant in which "Plaintiff would sell and the Defendant would purchase certain amounts of old corrugated containers produced by or purchased by Plaintiff." <u>Id.</u> ¶¶ 7–8. Between September 2014 and September 2015, Plaintiff delivered, and Defendant accepted, several deliveries of old corrugated containers. <u>Id.</u> ¶¶ 13–47. While

Defendant paid nearly in full on the initial few deliveries, Defendant paid only $13,915.04 on Plaintiff's January 9, 2015 invoice for $274,023.10, and failed to make any payment on several subsequent invoices, the last of which was submitted in September 2018. Id. On January 31, 2016, Plaintiff provided Defendant a statement of account showing that invoices totaling $2,345,483.65 remained unpaid. Id. ¶ 20 "Defendant has not communicated with the Plaintiff that Defendant rejected any of the deliveries or revoked its acceptance of the goods so delivered." Id. ¶ 46.

Plaintiff filed its Complaint in this Court on September 18, 2018. Compl. Defendant did not respond, and on December 6, 2018 the Clerk of the Court entered default against Defendant. Dkt. No. 9 ("Entry of Default"). Plaintiff filed its Default Motion on January 4, 2019. Default Mot. Defendant has not responded. Docket.

### III.  LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." Id. Second, under Federal Rule of Civil Procedure 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id.

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing

Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." Id. at 190.

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default, (2) a proposed form of default judgment, (3) a copy of the pleading to which no response has been made, and (4) an affidavit. L.R. 55.2(b). The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(a).

## IV.  DISCUSSION

### A. Liability

Plaintiff and Defendant had a signed contract, Dkt. No. 11-2 at 13–19 ("Contract"), which states the Delaware law applies, Id. ¶ 12. Plaintiff asserts claims under § 2 of the Delaware

3

Uniform Commercial Code ("UCC") and Accounts Stated. On the issue of liability, the Court finds that Plaintiff has met its "modest threshold burden of establishing entitlement to default judgment." Bricklayers & Allied Craftworkers Local 2 v. Ne. Specialty Sys., Inc., No. 16-CV-610, 2017 WL 3731925, at *3 (N.D.N.Y. Aug. 30, 2017).

Plaintiff states a claim under § 2 of the Delaware UCC. Plaintiff delivered old corrugated containers in accordance with the contract, which Defendant accepted. Id. ¶ 54. Defendant did not reject delivery or revoke its acceptance. Id. ¶¶ 57–58. "A party to a contract has a right to payment when it has fully performed its obligations under the contract terms." In re Montgomery Ward, LLC, 292 B.R. 49, 53 (Bankr. D. Del. 2003); see also Del. Code Ann. tit. 6, § 2-301 ("The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract."); Del. Code Ann. tit. 6, § 2-507 ("Tender entitles the seller to acceptance of the goods and to payment according to the contract.").[1]

**B. Damages**

Plaintiff seeks $2,970,725.50 for the unpaid principal balance, interest, attorney's fees, and disbursements." Dkt. No. 11-1 ("Saccocio Affidavit in Support") ¶ 24. Unlike its liability claim, Plaintiff has not demonstrated that it is entitled to damages at this time.

To establish its damages claim, Plaintiff provides an affidavit from its attorney, which states that on January 31, 2016, Plaintiff sent Defendant a Statement of Account detailing several specific invoices that were—and still remain—unpaid and undisputed. Saccocio Aff. in Support

---

[1] Because Plaintiff has demonstrated Defendant's liability under the Delaware UCC, the Court need not assess whether Plaintiff has also established liability under accounts stated. See E. Reg'l Med. Ctr., Inc. v. Fry, No. 18-CV-396, 2018 WL 5266873, at *3 (N.D.N.Y. Oct. 23, 2018) ("Because the Court can fashion a complete remedy based on Plaintiffs' breach-of-contract claim, it need not consider Plaintiffs' other theories of recovery."). Should Plaintiff's accounts stated claim be relevant to a damages calculation in any renewed motion, the Court will consider it at that time.

¶¶ 21–23. The Complaint lists the exact amounts Defendant owed Plaintiff for each month of deliveries, with a total of $2,345,483.65 remaining unpaid. Id. ¶ 20; Compl. ¶¶ 13–45. However, Plaintiff's attorney has not put forth any basis for his "full[] familiar[ity] with the facts and circumstances," Saccocio Aff. in Support ¶ 1, beyond being Plaintiff's attorney in this matter, nor has Plaintiff provided an affidavit from an employee with personal knowledge of the situation. Further, Plaintiff has not provided copies of the invoices discussed in the Complaint and Saccocio Affidavit in Support. Thus, Plaintiff has failed to establish that it is entitled to recovery. See E. Reg'l Med. Ctr 2018 at *3 (N.D.N.Y. Oct. 23, 2018) (denying damages on default judgment where plaintiffs relied on affidavit from their attorney who failed to "set forth bases for his purported 'personal knowledge' of the damages" and "unauthenticated, redacted copies of the balances due"); E-Centurion, Inc. v. Long Beach Co., No. 06-CV-5913, 2012 WL 3597583, at *2 (E.D.N.Y. July 12, 2012), report and recommendation adopted, No. 06-CV-5913, 2012 WL 3597025 (E.D.N.Y. Aug. 20, 2012) ("Plaintiff originally submitted an attorney declaration setting forth the basis for the amounts owed and attaching certain documents. The Court concluded that this declaration was not provided by an individual with first-hand knowledge of the Company's business and was therefore insufficient to establish that a sum certain was owed. The Court therefore requested support documentation, including: (1) an affidavit from an E–Centurion employee with personal knowledge of the basis for the amounts sought; (2) originals of the invoices/purchase orders involved in this case, or an explanation as to why they are not available; and (3) documentation confirming the delivery of the goods at issue.").

Plaintiff also seeks $619.978.00 in pre-judgment interest, applying the 9% interest rate under N.Y. C.P.L.R. § 5004 from the date of notification of payment owed to the date of the

Default Motion. Dkt. No. 11-4 ("Saccocio Affidavit on Damages"). While this claim clearly must be denied because the underlying principal damages were denied, there are two additional problems. First, Plaintiff filed its Default Motion on January 4, 2019, see Docket, not January 7, 2019 as stated in its interest calculation, Saccocio Aff. on Damages at 3. Second, "under New York choice of law principles, the allowance of prejudgment interest is controlled by the law of [the state] whose law determined liability on the main claim." Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 147 (2d Cir. 2008) (quoting Entron, Inc. v. Affiliated FM Ins. Co., 749 F.2d 127, 131 (2d Cir.1984) (alteration in Schwartz)); see also Headwaters BD, LLC v. LFG Participacoes Societarias LTDA, No. 17-CV-2081, 2019 WL 1897791, at *1 (D. Colo. Mar. 29, 2019) (applying Delaware prejudgment interest rate because parties' contract provided that disputes would be governed by Delaware law). Here, because Delaware law governed liability, Delaware law also controls the calculation of prejudgment interest. Prejudgment interest is calculated differently under Delaware law than under the New York law Plaintiff applies. Accordingly, in any renewed motion, Plaintiff should calculate interest under Delaware law. See Brandywine Smyrna, Inc. v. Millennium Builders, LLC, 34 A.3d 482, 485 (Del. 2011); Del. Code Ann. tit. 6, § 2301.

Plaintiff seeks $4,738.75 in attorney's fees.[2] Saccocio Aff. on Damages at 3. Paragraph 19 of the Contract appears to at least contemplate attorney's fees, but Plaintiff provides no

---

[2] "In a diversity action . . . state law controls the availability and proper calculation of attorneys' fees." CIT Bank, N.A. v. Ayers, No. 15-CV-7256, 2017 WL 6816486, at *2 (E.D.N.Y. Dec. 5, 2017), report and recommendation adopted, No. 15-CV-7256, 2018 WL 317840 (E.D.N.Y. Jan. 3, 2018) Attorney's fees are "substantive" for Erie purposes, meaning the Court must apply New York choice of law rules. However, under New York choice of law rules, attorney's fees are procedural, meaning that New York state law applies rather than Delaware law. See Manheim Auto. Fin. Servs., Inc. v. Fleet Funding Corp., 09-CV-4357, 2010 WL

6

explanation of why it is contractually entitled to attorney's fees, nor does it provide any documentation of the hours worked or fees charged. Thus, the request for attorney's fees must be denied at this time. See CIT Bank, N.A. v. Ayers, No. 15-CV-7256, 2017 WL 6816486, at *2 (E.D.N.Y. Dec. 5, 2017), report and recommendation adopted, No. 15-CV-157256, 2018 WL 317840 (E.D.N.Y. Jan. 3, 2018) ("[A] contractual provision providing for attorneys' fees may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered . . . In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation.") (internal quotations and citations omitted).

Finally, Plaintiff's request for $525 in disbursements, Saccocio Aff. on Damages at 3, is also denied at this time because Plaintiff does provide any explanation or documentation of these costs. See Citizens Bank, N.A. v. Krolak, No. 19-CV-223, 2019 WL 3304556, at *5 (N.D.N.Y. July 23, 2019) Id. at *5 (denying request for costs because plaintiff "fails to break down that amount to clarify how much was spent on service of process fees, overnight delivery fees, and filing fees.").

## V.   CONCLUSION

Accordingly, it is hereby:

---

1692954, at *6 (E.D.N.Y. Mar. 22, 2010), report and recommendation adopted, No. 09-CV-4357, 2010 WL 1688565 (E.D.N.Y. Apr. 22, 2010).

**ORDERED**, that Plaintiff's Default Motion (Dkt. No. 11) is **GRANTED** as to liability but **DENIED** without prejudice as to damages, interest, attorney's fees, and disbursements; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order upon the parties in this action in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  August 27, 2019
        Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge